# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2924

———————

United States of America,                        *
                                                 *
           Appellee,                             *
                                                 *     Appeal from the United States
     v.                                          *     District Court for the
                                                 *     District of South Dakota.
Calvin Thomas Siems,                             *
                                                 *        [UNPUBLISHED]
           Appellant.                            *

———————

Submitted:  July 7, 2005
    Filed:  July 29, 2005

———————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

     Calvin Siems appeals the 88-month sentence the district court[1] imposed after he pleaded guilty to distributing a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Siems's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), he argues that the district court abused its discretion in imposing an excessive sentence. Siems has filed a pro se supplemental brief, arguing that in sentencing him, the district court violated Blakely v. Washington, 124 S. Ct. 2531 (2004), by relying upon

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

drug quantities not charged in the indictment, admitted by him, or proved to a jury, and that the court also miscalculated his criminal history category and improperly considered his arrest record. In separately filed motions, Siems asks for new appellate counsel, various record documents, and additional time to file another brief.

We consider only the challenge to the length of Siems's sentence–i.e., counsel's argument that Siems's sentence is "excessive"--because in his written plea agreement, Siems expressly waived the right to appeal his sentence on any basis except for an "upward departure . . . from the [G]uideline range established by the Court for the offense," and the record demonstrates the waiver should be enforced. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003).

The district court sentenced Siems after the Blakely decision but prior to the United States Supreme Court decision in United States v. Booker, 125 S.Ct. 738 (2005). The district court determined that the Guidelines were unconstitutional. As a result, the district court did not make factual findings concerning the objections lodged by the defendant to the presentence report. The district court did appear to make certain assumptions concerning what the Guidelines might be, however, we believe that under our court's interpretation of the Booker decision, that the district court was required to either make a determination of the Guideline range before applying the 18 U.S.C. § 3553(a) factors, or to explain why a Guideline determination was impractical or impossible. United States v. Haack, 403 F.3d 997 (8th Cir. Iowa, Apr. 13, 2005). Since we are not able to determine if there was an upward departure from an appropriately determined Guideline range in this case, it is this court's determination that the appeal in this case does not violate the appeal waiver and the case must be remanded for resentencing.

———————————————————